Okay it seems like we have counsel ready for our next case. That case is Peterson v. Gannett Company and Mr. O'Brien we look forward to hearing from you. Good morning Justices Gilman, Bress and Van Dyke. I represent the appellant Jeffrey Peterson. I would like to reserve two minutes for rebuttal. May it please the court. The first amendment was never intended to protect a news article of the sort we're seeing in this case. Consequently the plaintiff is asking this court to examine four issues. Number one, when the alleged false and defamatory article was published was plaintiff appellant Peterson a limited purpose public figure? Number two, is the question of or a question of fact? Number three, if the appellant is a public figure has the appellant demonstrated that the defendants published the subject news article with knowledge that it was false or with reckless disregard of whether it was false or not? Number four, if the plaintiff appellant is not a public figure has the plaintiff successfully pled a case under the negligence standard? When the subject article was published the plaintiff appellant Peterson was not a limited purpose public figure and for that I cite Gertz v Welch that Peterson did not quote thrust himself into the forefront of a particular controversy in order to influence the resolution of the issues involved. The plaintiff is not an individual who deliberately shapes debate on particular public issues or one who uses the media to influence that debate. Additionally the fame and fortune of the plaintiff appellant was fleeting and this status as public figure can change over time. The Bugliosi court did say however that quote defending public I'm sorry defining public figure is much like trying to nail a jellyfish to the wall and I say Parkington versus Bugliosi 9th circuit 1995. In the facts of this the district court essentially took certain allegations in your client's complaint and said you know when you look at these he was a limited purpose public figure for the purpose of the business enterprise he was operating which was one of some public notoriety and involved as advisors various well-known public figures. How do you respond? I don't think taken what the plaintiff pled that you could extrapolate that and come up with a conclusion that he was a limited purpose public figure. I think that the facts should be examined but not his opinion thereof. Counselor do you agree I think our case law said anyone who's famous or infamous because of who he is or what he's done so if if your client is famous or infamous because of what he's done or who he is in the business world would you agree that would make him a limited public figure? It would but the second prong of what you just stated he's no longer well-known in the business world in other words his fame and fortune was fleeting so I don't believe this circuit has taken up that question is that does that remain intact or can time wash it away? So do I understand correctly you're saying he was at one time a limited purpose public figure but it's no longer? Right but that the store the article in question published by the Arizona Republic doesn't go into his fame and fortune of long ago it goes into the question of his alleged let's say corruption or whatever word you want to use but it goes into what happened recently at the mobile corporation it doesn't even touch on what happened you might say back in the day. Right but he was there's allegations of an interconnection between mobile.com and his prior company which was what called kpasa.com? Yes Judge Gilman it was kpasa was the early corporation that was a great success. Right and he was but he was right for this mobile that he was raising millions of dollars from well-known personalities right including this Burke who was their status as being well known and famous would necessarily rub off onto Mr. Peterson. Well I'm not sure he was by his own allegations I'm not sure he was a passive participant in a relationship with people with public figures I mean those people were public figures perhaps even not just limited purpose ones but full-fledged public figures and he was associating with himself with them in a very prominent way for the purpose of his business and the articles that we're talking about are about his business. I agree with you on that however I don't think that that makes him himself a limited purpose public figure. What is your best case for your proposition that if you're a has-been entrepreneur that you're no longer and I no longer be a limited purpose public figure? Judge Gilman would you say that again I had trouble hearing. What case can you cite us for your proposition that if he's a has-been that removes him from the possibility of being a limited purpose public figure? Judge I don't have a case I just I want to say that this circuit hasn't taken up that question and perhaps this is the time. In other words is a limited purpose public figure is that something that endures through the person's entire life or is it fleeting and perhaps can dissipate over time? Well counsel under your theory of that it kind of goes away is your position that even if what you're talking about is partially related to what used what what made them a limited public figure in the past and now that there has been that that is no longer they're not even if you're talking about the past stuff at least in part that that doesn't count or is that sort of always there is that always subject to the malice standard since they were a limited public figure under your theory back then so it's talking about the past stuff always going to be subject to the to the malice standard or do you think that goes away because they're no longer a limited public figure in their current life? I think that goes away but in this particular case there's a trump card. Now we've made allegations that the Arizona Republic would print whatever certain politicians told them to print so if that's true and we will have the ability to prove that at trial then that in applies to the second prong in other words if you're handed something to publish irrespective of whether it's true or not and you have a deal with these politicians to publish it then certainly that's that's the second prong of the malice standard that they don't care. Do I understand correctly that under your theory these politicians that supposedly could get the or whatever to publish they had a relationship with him precisely because of his past life isn't that and now that relationship had broken down well we wouldn't we wouldn't know we won't know the answer to that question until we get to the discovery phase because we're alleging that that relationship between the politicians and the publication endured now we won't know till trial I'm asking a different question those same politicians I understand had a relationship with him in the past correct you dispute the matter they had a relationship with him in the past during this period of time that you're saying he was a limited public figure so it's again it seems to tie why does that not tie this whole controversy to that past time that you're with the passage of time that's primarily why they turned on him is because he was no longer a member of the political club how many years was it between the time he was active with his tapas and the new venture mobile 10 years 20 years to judge gilman I believe it was at least 10 I don't have that in front of me but if you want a memo that I can answer that answer it for you but it was a substantial number of years I can fairly say that we obviously still had barely enough connections with these other people to raise millions of dollars for the new venture well that um that bears on his his past success as a um as a businessman but to say that he's the same um public person for limited purpose public person as he was then he still is that's um that's a stretch that I don't think we can make well you know another stretch I'm wondering let's assume that you're right that the Arizona Republic would publish whatever Burke they wanted to publish where does it follow that oh that means that hurts anything that Burke would publish false things I mean what would cause Gannett to know that you know the fact that it would put in an article that Burke wanted would be false is there any basis for that presumption well we don't know exactly but just as the argument that um Mr. Peterson was once a well-known famous very connected now but there's also in our complaint um Mr. Burke and I don't want to cast any disparaging comments on the gentleman but he was censured by the Arizona bar for being less than truthful with the authorities that's in the complaint so a red flag should have gone up at the the Arizona Republic to look deeper into his allegations however if he was still a member of the political club let's call it club for lack of a better word then they'd publish it anyway or so we allege in the complaint and we're ready to prove that so do you do you acknowledge that at some point in Mr. Peterson's career he was a limited public figure for for something he was when Que Pasa was a great success and he was heavily connected to the Arizona Democrats but those days went out the window it's like in politics they say well what have you done for me lately well lately he hasn't done anything for him he ran out of money so he's not a member of the club anymore I guess it's I'm just not sure at what point do you think his status shut off when his money ran when his money ran out and they stopped going to him for favors he was no longer a member of the club and I think at that point not that I could pin a certain date to it but at that point he was no longer a limited public limited purpose public figure you say that in the complaint itself he describes himself as a well-known technology entrepreneur that's what he's saying well Judge Gilman it wouldn't make any difference what he question that um you should look at the facts not what Mr. Peterson says in other words when he pled that we have to look at what he we have to look at what he pled that's but I know what he pled but it didn't it didn't lock him into the position of public figure I mean I'm just saying he didn't perceive himself as a has-been I'm not so sure exactly but I don't think that the way it was pled that he can lock himself in it isn't the notion that he has been sort of inconsistent with the whole reason I would imagine he wants to bring this lawsuit which is that he believes his public reputation and his ability to be a businessman matters if he was just simply a private citizen who was who had you know gone out of this this community in this world he presumably wouldn't be nearly as injured by this well in the internet day and age all you have to is go to the google search engine put in his name just his name and these disparaging comments about which this case is centered things that appeared in the Arizona Republic will come up I thought the fourth search down or the fifth search down but the internet age I think is as skewed everything that we formerly used as case law because the Arizona Republic is just one small publication in the vast world of newspapers but now if you google his name up comes the article of which we speak right now I know you wanted to reserve some time for rebuttal we'll leave you two minutes when you when you come back after we hear from your friend on the other for defendants connect company inc and phoenix newspapers inc Arizona begin with two procedural first principles that I think in large part guide not entirely guide resolution of this case the first is the plaintiff is the master of his complaint he can allege whatever he wants to allege his complaint and it's free to do so however he wants the second is that in resolving a rule 12b6 motion to dismiss the court must take as true the well-plaid factual allegations in that complaint and contrary to Mr. Peterson argues now an appeal that he is not bound by his opinion of himself he is bound by his factual his well-plaid factual allegations about himself and those factual allegations include most prominently that he is present tense is a technology entrepreneur not that he not that he was one long ago not that he was one until he had a lot of paper but rather than he is a well-known technology entrepreneur and so applying those those those principles those procedural losers here compels the conclusion that Mr. Peterson is a limited purpose public figure who bears a burden under the first amendment both to prove falsity and by clear and convincing evidence actual malice at the pleading stage that means that he must at a minimum allege facts from which an inference of actual malice can be drawn Mr. Peterson has now tried to plead his case four times um it was for he pleaded three times before this case was transferred to the district of Arizona at which point the defendant's now an appeal uh moved to dismiss under rule 12b6 and I should note that in each of those pleadings Mr. Peterson kept these allegations in there about his prominence about all his prominent connections about his reputation internationally about him knowing the president's family of Mexico about him knowing presidents here in the United States those were all in there every single time and in response to the filing of a second amended complaint these these these defendants excuse me uh moved to dismiss and the district court ruled in response to that motion that Mr. Peterson was a limited purpose public figure uh identifying very specifically in the which it was relying to reach that conclusion and yet at the end of that uh ruling the district court rather magnanimously we think granted Mr. Peterson yet one more leave to amend just in case there was anything there he could salvage uh and as you know that that leave to amend was not limited to any particular issue it was not restricted as to what he could or put an amend it was a blanket leave to amend uh so Mr. Peterson then came back a fourth time with the third amended complaint and kept verbatim every single one of those allegations attesting really boasting to his fame in the business world and the prominence of his connections both nationally and internationally and so uh you know in light of those allegations we move to dismiss again and again raise the issue for the court that Mr. Peterson is was a limited purpose public figure Mr. Peterson responded to that measure in opposition and did not address the public figure issue at all so he waived it before the district court the district court proceeded to conclude again that he was a limited purpose public figure um and Mr. Peterson now appeals attempting to argue as we understand it two things one that he's not bound by his pleadings which i think is just procedurally a non-starter um and two that even if he wasn't well uh even if he was a limited purpose public figure in the past what he is and what now and i think that out that contention is belied by his own pleadings which again are framed in the present tense um and two are immaterial again because he has waived the issue entirely uh by not having addressed it uh sufficiently before the district court your honors and even if Mr. Peterson had um counsel did i did i hear you correctly that you said that he waived it in front of it whether he was a limited public figure in the district court is that that's correct yes did the district court find that he waived it or the district court didn't make an explicit finding of a waiver i think but rather just proceeded with its conclusion that it had already made in its prior order um that he was a limited court addressed it right i mean the district court sort of analyzed it and concluded he was right based on his in in in on in resolving the dismissal of the second amended complaint yes um so and are you wanting us to find waiver where the district court didn't or i'm sorry i didn't catch the first part of your question are you wanting us to find waiver where the district court did not find it well it's i'm asking you to find two things your honor one is yes waiver i mean because again the district court didn't say yes you've waived it but it didn't need to because it just said okay you're a you're a limited purpose public figure clearly you have no contention with this because you just replied these allocations again the court didn't need to go through those uh through those conclusions the second time when it was resolving the third amendment right he didn't i mean looking at it now he didn't use the word waiver but he did say he had already addressed this at length in the second amended complaint the order on the second amended complaint and the plaintiff didn't really adjust his position on that and so the district court said that the plaintiff doesn't dispute in responding to the pending motion to dismiss that he's a limited public figure and that seems to be what caused the district court to just move forward with the rest of the analysis i i think that's exactly right for us i mean again the court didn't explicitly use the word weaver but it didn't need to because what it had before it were literally the exact same allegations that led it to conclude the first time that he was a limited purpose public figure um so i think both by mr peterson's failure to address it in response to the motion to dismiss and also by re-including those allegations verbatim which really weren't necessary to his complaint um there was him kind of boasting about himself don't you address your friend on the other side's point that um his limited public figure status essentially dissipated or ended and at the point in which the article was written and the events about the well sure so that was the two things your honor the first is i think i think it's unnecessary to resolve the issue because of the waiver problems and also because of the actual malice problems that i'll get to in a minute um but second i'll note that this is not a case where we're dealing with someone's you know youthful indiscretions that made them famous 50 years ago and then you know there's a question of whether it might be unfair to hold that to them hold them to that now um judge gilman i believe you answered the question earlier what's the amount of time we're dealing with that most the time span of 20 years um you know mr peterson started k-pop i believe it was 1997 so we're talking the late 90s at the earliest um the article was published in 2017 the late 2017 so we're talking a time span of again at the at most 20 years really largely within the last 10 years previously in the article because that's when you have the dealings regarding with with the mobile corporation and intro one two three and all these and that seemed even that seems favorable i mean i thought it was basically 2013 to 2016 was the kind of the key time period in which mobile raising money right right now again i'm stating this as generously as i can in terms of like the maximum timeline here really but as to press this point that the timeline is really even more compressed than that i mean again largely at most of the the preceding 10 years but really within the preceding few years before the article talking so we're not talking you know something that happened long ago that's everybody forgot um and you know and and to the merits of the limited purpose public figure question i mean to the extent that wasn't waived you know we address this in the context of a limited purpose public figure and mr peterson says no well not everyone in america knows who i am i'm not that famous and really no one's ever heard of me um that's all outside the pleadings argument if you look at the pleadings itself and limit yourself to the four corners of the pleadings he comes pretty darn near close to alleging himself almost as a general purpose public figure i mean everybody knows who he is he's a well-known technology entrepreneur he goes to a party and runs into chelsea clinton who knows who he is and tells him hey you know dennis burke and all these other people are saying you know these untrue things about you he meets bill clinton at another event who with whom he shares all these mutual connections he knows all these international celebrities who invest in his business he comes pretty darn near close to you know general purpose public figure which we didn't argue because i don't think we needed to um but i think it's pretty clear on this record as uh mr peterson has pledged that he is at a minimum a limited purpose public figure um and again even if he hadn't waived that issue i think the merits i think pretty pretty clearly compel the result that he is um and he also failed to one of his other contenders on appeal is that the district court should have looked at the article as a whole rather than individually and this again goes back to the way in which mr peterson decided to plead his complaint rather than alleging any defamatory sting from the article as a whole he goes through with respect to defamation at least roughly half a dozen statements in isolation and goes through and tries to explain why each one is defamatory on its own um and as to those and also i think even as a matter of common law he goes for that basic falsity um you know some of the things with which he takes issue were you know the article says that he is a high school dropout he says no no i wasn't a high school dropout because i i left high school with my parents permission and it's like okay that's you're still a dropout um you know as that term is commonly understood there's another uh point in there about uh the article said that the you know those nine million dollars that were gone from the company he said no no it wasn't gone rather it was all spent in its entirety on these other things the point remains that it's gone so in each of these individual instances he's failed to allege actual malice he's failed to allege basic falsity um you know we think it was rather generous for the district court to have been to leave to amend uh in the first place when it when it dismissed the second amended complaint and so certainly i think it was correct in concluding uh that mr peterson had failed to claim a third amended complaint and that it was appropriate to dismiss the complaint of prejudice at that juncture and uh unless the court has any has any further questions i would conclude by knowing that this court should affirm the district court for those reasons hey thank you mr arellano mr o'brien go ahead sir thank you uh the ruling on appeal is based on the false premise that the plaintiff is a limited purpose public figure he isn't but even if he were the first amendment isn't designed to protect the journalism around which this case revolves which brings us back to the law or fact question concerning the designation public figure in the case at hand that's a question for the jury as is the rest of the case because what if it's true the arizona republic quote will print whatever we tell them to unquote i'm taking that from the complaint and if this isn't callous disregard concerning fact or fiction then what it is thank you thank you mr o'brien i want to thank you for your argument i want to thank mr arellano for his argument the case is submitted it also concludes our calendar for this morning we'll stand in recess until tomorrow morning thank you thank you thank you too all rise
judges: Gilman, BRESS, VANDYKE